IN THE UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KENNETH BURNHAM and Columbia Park Water & Sewer System<br>    *Plaintiffs*<br><br>V.<br><br>PUBLIC UTILITIES COMMISSION OF OHIO; JENIFER FRENCH, in her official capacity: MIKE DeWINE, in his official capacity; ROBERT SPRAGUE, in his official capacity and the State of OHIO<br><br>    *Defendants* | Case #<br><br>COMPLAINT |

---

# C O M P L A I N T

Plaintiff complains of the acts of the defendant and alleges as follows:

**JURISDICTION**

1. Plaintiff, Kenneth Burnham is an adult resident of New York who resides at 5927 Seneca Point Road, Naples, New York 14512.

2. Plaintiff, Columbia Park Water & Sewer System ("CPWSS") was an Ohio registered Delaware entity, substantially owned by Plaintiff Burnham, and regulated by the Public Utilities Commission of Ohio ("PUCO").

3. Plaintiffs are owners of CPWSS as defined by Section 163.01(E) of the Revised Ohio Code.

4. Defendant, PUCO (Public Utilities Commission of Ohio) is a public executive regulatory agency under the laws of the state of Ohio and is responsible for, inter alia, regulating utilities in the state of Ohio and is one of the authorizing agencies who substantially participated in the taking of Plaintiffs' property under color of law and custom and usage in the state of Ohio.

5. Defendant JENIFER FRENCH is the Chairman of PUCO and is responsible for the overall operation of the agency in a lawful manner including compliance with Section 163 of the Ohio Revised Code and Article I, Section 19 of the Ohio Constitution.

6. Defendant ROBERT SPRAGUE is the Treasurer of the State of Ohio and has sworn to uphold the Constitution of the State of Ohio and is obligated to pay all lawful debts of the state and has not paid compensation to the Plaintiffs for the taking of their property by the state of Ohio as herein described.

7. Defendant MIKE DeWINE, is the Governor of the state of Ohio and is the chief executive officer having authority over PUCO and appointed Defendant Jenifer French to her position and has sworn to not violate

both the Ohio and the United States Constitutions and has not ordered or authorized the payment of compensation to the Plaintiffs for the taking of their property by the state of Ohio as herein described.

8. Defendant DeWINE is responsible for implementing state laws and overseeing the operations of all state agencies.

9. Defendant Ohio is a constitutional governmental entity with a defined geographical territory and shares its sovereignty with the federal government and Plaintiffs believes and therefore avers that Ohio has waived its immunity to be sued for constitutional violations and is subject to suit under the Supremacy Clause.

10. This matter involves 42 U.S. Code §1983, and the 5th Amendment of the United States Constitution (Due Process, Taking and Just Compensation Clauses) and the 14th Amendment (Due Process and Equal Protection Clauses) of the United States Constitution.

11. Plaintiffs brings this suit under 28 U.S.C. §1331 federal question and § 1332 wherein complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

12. Declaratory relief is not available.

**VENUE**

13. Venue is proper because the Plaintiffs conducted business in the Northern

District of Ohio and operated in this district and significant acts giving rise to this action occurred in Cuyahoga County, Ohio.

## COUNT I

14. In 2004, Plaintiffs purchased Columbia Park Water & Sewer System pursuant to a contract to operate a substantial waste-water and treatment facility and was a licensed Ohio public utility, incorporated in the State of Delaware and located in Cuyahoga County, Ohio.

15. At or around 2019, Defendants PUCO and FRENCH, along with other Ohio state actors, issued through official acts, Orders that divested and destroyed all rights of the Plaintiffs to the CPWSS, without just compensation under the 5th Amendment of the United States Constitution and Article I, Section 19 of the Ohio Constitution.

16. At or around 2019, the Defendant PUCO transferred operational, permitting and revenue property rights to private parties U.S. Bank and Receiver pursuant to a foreclosure action in the case of *U.S. Bank, N.A. vs Columbia Park East MHP, LLC, et al.* CV 17-887110.

17. Plaintiffs' property was not subject to any mortgage whatsoever and did not act as security for any loan from any financial institution

including U.S. Bank.

18. The Defendants, PUCO and FRENCH, along with others, engaged in a definitional taking of the Plaintiffs' property and substantially decreased the value of Plaintiffs' property.

19. All Defendants acted under the color of the law of the State of Ohio at all relevant times herein while divesting Plaintiffs of all previous clearly established property rights without just compensation.

20. All state Defendants had a legal duty to ensure that Plaintiffs were justly compensated or that funds were deposited for the Plaintiffs without delay before, during and after the divestiture of property rights by individuals and agencies acting on behalf of the state.

21. The named state Defendants failed their legal duty to provide just compensation to the Plaintiffs for the loss of property rights under Article I, Section 19 of the Ohio Constitution and the 5th and 14th Amendments to the United States Constitution.

22. As a result of the Defendants' failure to justly compensate Plaintiffs for their property loss, the Plaintiffs have suffered great financial loss and a loss of any opportunity to capitalize on their initial investment.

23. All Defendants failed to order the mandatory constitutional payment of just compensation or a deposit to the Plaintiffs at the time of the taking in violation of the 5th and 14th Amendments of the United States Constitution and Article I, Section 19 of the constitution of the State of Ohio and Section 163 of the Ohio Revised Code.

24. The Defendants did not convene a due process evidentiary and compensatory hearing to determine the value and just compensation for the loss of property rights to the Plaintiffs taken by Defendants and other state actors.

25. The United States Constitution and the Constitution of the state of Ohio required Defendants to provide for payment and to compensate Plaintiffs for the property taken by the official acts of state actors of the State of Ohio, even if the taking occurred by "redefinition" of the property.

26. The state of Ohio was constitutionally required to make a factual determination of the value of Plaintiffs' property at the time of the taking and to provide and pay to the Plaintiffs just compensation for property taken by the official acts of the Defendants and Ohio state actors under color of state law in the name of the State of Ohio.

27. The Defendants' official acts unconstitutionally deprived and continues to deprive Plaintiffs of just compensation for the state's taking of Plaintiffs' property.

WHEREFORE, the Plaintiff demands judgment in this matter in the form of just compensation from the State of Ohio for the taking of Plaintiffs' property together with interest from March 19, 2019 until the present. Plaintiffs also demand attorneys' fees under Title 42, Section 1983.

/s/ Harold Lucas
*Attorney for Plaintiffs*
3512 Kapalua Way
Raleigh, NC 27610
252-432-0015
lukelucasis@gmail.com