UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KENNETH BURNHAM, ET AL., | : | CASE NO. 1:23-cv-484 |
| Plaintiff, | : | ORDER |
| | : | [Resolving Docs. 5, 6, 14] |
| v. | : | |
| PUBLIC UTILITIES COMMISSION OF OHIO, ET AL. | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Columbia Park Water & Sewer System (CPWSS) and Plaintiff Kenneth Burnham bring another lawsuit to remedy what they view as the unjust 2019 bank foreclosure and receivership of CPWSS and the related bank foreclosure and receivership of a wastewater treatment plant.

Having already filed several unsuccessful lawsuits,[1] Plaintiffs now sue the State of Ohio, the Public Utilities Commission of Ohio (PUCO), PUCO Chair Jenifer French, Governor Mike DeWine, and State Treasurer Robert Sprague, in their official capacities.[2] Plaintiffs allege unjust takings in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and Art. 1, § 19 of the Ohio Constitution, due process violations, and seek attorney's fees under 42 U.S.C. § 1983.[3]

---

[1] *See, e.g.*, *U.S. Bank N.A. v. Columbia Park E. MHP, LLC*, 128 N.E.3d 793 (Ohio Ct. App. 2018); *Columbia Park E. MHP, LLC v. U.S. Bank Nat'l Ass'n*, Case No. 1:18-CV-1086, 2018 WL 3842049 (N.D. Ohio Aug. 13, 2018); *Columbia MHC E., LLC v. Stewart*, Case No. 1:19-cv-01613 (N.D. Ohio).
[2] Doc. 1.
[3] *Id.*, ¶¶10, 23-26

Case No. 1:23-cv-484
GWIN, J.

Defendants DeWine, Sprague, and State of Ohio, and Defendants PUCO and French separately moved to dismiss Plaintiffs' complaint.[4] Plaintiffs then voluntarily dismissed Defendants DeWine and Sprague while continuing the case against the State of Ohio, the PUCO and French.[5]

Plaintiff opposed the remaining Defendants' motions to dismiss.[6] The Defendants filed separate replies.[7] Plaintiffs then moved to strike Defendant State of Ohio's reply to its motion to dismiss.[8] Defendant State of Ohio opposed the motion to strike.[9]

For the following reasons, the Court **GRANTS** all Defendants' motions to dismiss. Additionally, the Court **DENIES** Plaintiff's motion to strike Defendant State of Ohio's reply as moot.

## I. BACKGROUND

The Court summaries the background events as described in opinions resulting from the prior lawsuits.

Plaintiff CPWSS[10] entered into a loan agreement with a private party, secured by a mortgage on several pieces of property.[11] That private party assigned its interests to U.S Bank National Association (U.S. Bank).[12] CPWSS then defaulted on its obligations, and U.S. Bank brought an Ohio state court foreclosure lawsuit.[13]

---

[4] Docs. 5, 6.
[5] Doc. 9.
[6] Doc. 11.
[7] Docs. 12, 13.
[8] Doc. 14.
[9] Doc. 15.
[10] CPWSS is another name for Columbia MHC East, LLC, the named Plaintiff in the prior actions discussed here. It does business as CPWSS and is managed by Plaintiff Burnham. *See Columbia MHC E., LLC v. Stewart*, 826 Fed. App'x 443, 445 (6th Cir. 2020). For clarity, the Court refers to Columbia MHC East, LLC as CPWSS in this opinion.
[11] *Columbia Park E., MHP, LLC v. U.S. Bank Nat'l Ass'n*, 766 Fed. App'x 271, 272 (6th Cir. 2019).
[12] *Id.*
[13] *U.S. Bank Nat'l Ass'n v. Columbia Park East MHP LCC, et al.*, Cuyahoga C.P. No. CV-17-887110 (Oct. 9, 2017).

Case No. 1:23-cv-484
GWIN, J.

U.S. Bank also asked the state court foreclosure judge to put the mortgaged properties in receivership.[14] Plaintiff CPWSS opposed the receivership, but its opposition lost.[15] Plaintiff CPWSS then unsuccessfully appealed to the Ohio court of appeals and the Ohio Supreme Court.[16]

After the Ohio trial court issued the receivership order, CPWSS separately applied to the PUCO to allow a rate increase for utility functions that CPWSS performed.[17] At the time Plaintiff CPWSS asked the PUCO for a rate increase, Plaintiff was in receivership. Given the state court receivership order, the PUCO granted U.S. Bank's and the receiver's motion to intervene in CPWSS's rate application and then dismissed CPWSS's rate increase application.[18] CPWSS petitioned the Ohio Supreme Court to review the PUCO's dismissal, but then voluntarily dismissed the appeal.[19]

Plaintiff Burnham and CPWSS then filed a 2019 federal court lawsuit against the PUCO, U.S. Bank, the receiver, and three Ohio appellate judges for their respective involvement in the receivership order.[20] In the first federal lawsuit, Plaintiff Burnham and CPWSS asked the federal district court to enter judgment declaring that the defendants' acts "violat[ed] . . . Plaintiffs' constitutional rights to compensation for property taken[;]" declaring PUCO's actions unconstitutional for "violat[ions of] Plaintiffs' rights to due process under the

---

[14] *Id.* (Oct. 17, 2017).
[15] *Id.* (Mar. 1, 2018).
[16] *Columbia Park E. MHP, LLC,* 128 N.E.3d at 793, *appeal denied, U.S. Bank Nat'l Ass'n v. Columbia Park E. MHP, LLC,* 120 N.E.3d 868 (2019).
[17] *Columbia MHC E., LLC,* 826 Fed. App'x at 445.
[18] *Id.*
[19] *In re Columbia MHC E., LLC,* 137 N.E.3d 111 (2019).
[20] *See Columbia MHC E., LLC, et al. v. Stewart,* Case No. 1:19-cv-01613 (N.D. Ohio). Prior to this matter, Plaintiffs had also sued in federal court alleging that U.S. Bank and the receiver, among others, used the commercial loan to operate a racketeering enterprise. *See Columbia Park E. MHP, LLC v. U.S. Bank Nat'l Ass'n,* Case No. 1:18-CV-1086, 2018 WL 3842049, *1 (N.D. Ohio Aug. 13, 2018). The Sixth Circuit affirmed this Court's dismissal of the action for failure to state a claim. *Columbia Park E. MHP, LLC v. U.S. Bank Nat'l Ass'n,* 755 Fed. App'x 271, 272 (6th Cir. 2019).

Case No. 1:23-cv-484
GWIN, J.

5[th] and 14[th] Amendments[;]" and declaring PUCO's decision to dismiss Plaintiff's rate increase application unconstitutional, among other claims.[21]

The earlier case district court dismissed Plaintiffs' claims with prejudice, on sovereign immunity grounds and a finding that Plaintiffs otherwise failed to make cognizable claims.[22]

Plaintiffs appealed the district court decision, and, in the interim, agreed to sell the wastewater treatment plant as part of a settlement agreement.[23] The Sixth Circuit found Plaintiffs had mooted the appeal by entering a settlement agreement.[24]

Plaintiffs appealed, alleging that the court erred in finding that there was a settlement agreement. The Sixth Circuit again declined the appeal.[25]

Plaintiffs' subsequent appeals were unsuccessful. The Sixth Circuit denied en banc review and the Supreme Court denied a petition for certiorari.[26] The district court's dismissal was not reversed. Plaintiffs filed the present action on March 10, 2023.[27]

## II. DISCUSSION

### A. Motions to Dismiss

The remaining Defendants move to dismiss the complaint, arguing that Plaintiffs' claims are barred by sovereign immunity and res judicata, and that Plaintiffs fail to state a cognizable claim upon which relief can be granted.

---

[21] *Columbia MHC East, LLC*, 826 Fed. App'x at 445.
[22] *Columbia MHC E., LLC v. Stewart*, 2019 U.S. Dist. LEXIS 119057, Case No. 1:19-cv-01613 (N.D. Ohio July 17, 2019).
[23] *Columbia MHC E., LLC*, 826 Fed. App'x at 445.
[24] *Columbia MHC E., LLC v. Stewart*, 815 Fed. App'x 887, 891-92 (6th Cir. Ohio May 29, 2020).
[25] *Columbia MHC East, LLC*, 826 Fed. App'x at 446.
[26] *See Columbia MHC E., LLC v. Stewart*, 2020 U.S. App. LEXIS 31932 (6th Cir. October 7, 2020) (en banc), *cert. denied* 141 S. Ct. 1737 (2021).
[27] *See* Doc. 1.

Case No. 1:23-cv-484
GWIN, J.

### 1. Sovereign Immunity

Eleventh Amendment sovereign immunity deprives federal courts of subject-matter jurisdiction when a citizen sues his own state.[28] It also extends to suits against state agencies or departments, as well as to "suit[s] against state officials where the state is the real, substantial party in interest."[29] The Defendants here—the State of Ohio, an Ohio executive agency, and the executive agency's leader in her official capacity—involve the Eleventh Amendment.

"There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit; (2) when Congress has expressly abrogated the state's sovereign immunity; and (3) when the doctrine set forth in *Ex Parte Young* applies."[30]

None of the sovereign immunity exceptions apply to the present case.

### a. Ex Parte Young

"In order to fall within the *Ex Parte Young* exception, a claim must seek prospective relief to end a continuing violation of federal law."[31]

In their opposition to Defendants' motions to dismiss, Plaintiffs say that they seek prospective declaratory relief within *Ex Parte Young* because they request "a declaration that a taking occurred and that compensation is due."[32]

However, Plaintiff's complaint requests relief of "judgment . . . in the form of just compensation . . . with interest" and attorneys' fees.[33] Despite Plaintiffs' attempt to

---

[28] *Russel v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015).
[29] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984) (citations omitted); *see also McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) ("Eleventh Amendment immunity bars all suits, whether for injunctive, declaratory, or monetary relief, against the state and its departments, by citizens of another state, foreigners, or its own citizens.").
[30] *Boler v. Early*, 865 F.3d 391, 410 (6th Cir. 2017).
[31] *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 946, 964 (6th Cir. 2013).
[32] Doc. 11, PageID #: 77.
[33] Doc. 1, PageID #: 7.

Case No. 1:23-cv-484
GWIN, J.

recharacterize this requested relief, it is neither prospective nor declaratory. "The Supreme Court has explicitly stated that just compensation is, like ordinarily money damages, a compensatory remedy . . . [and therefore] legal relief."[34]

As such, the Sixth Circuit has held that sovereign immunity bars both federal and Ohio state takings claims against entities like the Defendants here.[35] This is because the Ohio treasury is responsible for any judgment against Defendants State of Ohio, against the PUCO, and against Chair French.

Plaintiffs' claims therefore do not fall within the *Ex Parte Young* exception to sovereign immunity.

### b. Waiver & Abrogation

The Defendants have not waived their sovereign immunity to Plaintiffs' claims, and Congress has not abrogated it.

Defendant State of Ohio has not waived its sovereign immunity from suit in federal courts.[36] The Ohio General Assembly has provided that the only means to sue Defendant PUCO is with a lawsuit filed with the Ohio Supreme Court, not federal court.[37] Defendants' litigation conduct also has not "clearly indicated their intent to waive their immunity," as they have only filed the present motions to dismiss.[38]

In their opposition, Plaintiffs say that the Defendants have waived sovereign immunity because they have accepted federal funds.[39] Plaintiffs say that $15 million of the PUCO's

---

[34] *DLX, Inc. v. Kentucky*, 381 F.3d 511, 526 (6th Cir. 2004).
[35] *Ladd v. Marchbanks*, 971 F.3d 574, 578 (6th Cir. 2020) (*citing DLX*, 381 F.3d at 526).
[36] *Johns v. Sup. Ct. of Ohio* 753 F.3d 524, 527 (6th Cir. 1985).
[37] *See* R.C. 4903.12. Plaintiffs have availed themselves of this forum, having previously sued Defendant PUCO in state court, then voluntarily dismissing the appeal. *See Columbia Park E. MHP, LLC*, 128 N.E.3d at 793, *appeal denied*, *Columbia Park E. MHP, LLC*, 120 N.E.3d at 868.
[38] *See Ku v. State of Tenn.*, 322 F.3d 431, 434 (6th Cir. 2003).
[39] Doc. 11, PageID #: 77.

- 6 -

Case No. 1:23-cv-484
GWIN, J.

$60 million 2023 budget comes from federal funds, and by accepting such funds, the Defendants consented to suit in federal court.[40]

"[A] finding that a [s]tate has waived its sovereign immunity by accepting federal funds must be based on unequivocal language in the statute that makes the waiver unambiguous."[41] "[M]ere participation in a federal program is not sufficient to waive immunity."[42]

Plaintiffs do not point to any unequivocal language that creates an unambiguous waiver of sovereign immunity via Defendants' federal funds use. Even if the Court were to consider the facts in Plaintiff's opposition, those facts still do not show how Defendants consented to waiving their immunity.[43] The complaint lacks specific factual allegations showing how Defendant PUCO's receipt of any federal funds constitute an express waiver.

Finally, Congress has not abrogated Defendants' sovereign immunity for claims under the Fifth or Fourteenth Amendments, or 42 U.S.C. § 1983.[44]

Plaintiffs' claims fall within none of the exceptions to sovereign immunity and are thus barred.

### 2. Failure to State a Claim

In addition to sovereign immunity, Plaintiffs' complaint warrants dismissal because it fails to state a claim for which relief can be granted.

---

[40] *Id.*, PageID #: 78.
[41] *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009).
[42] *Nihiser v. Ohio EPA*, 269 F.3d 636, 628 (6th Cir. 2001) (citations omitted).
[43] *See Winget v. JP Morgan Chase Bank, N.C.*, 537 F.3d 565, 576 (6th Cir. 2008) (citations omitted) ("When reviewing a motion to dismiss a district court may not consider matters beyond the complaint.").
[44] *See Ladd*, 971 F.3d at 578, n.4.

Case No. 1:23-cv-484
GWIN, J.

To survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[45] Here, Plaintiffs assert United States and Ohio Takings Clause violations.[46]

### a. Takings Claims

"When the government acquires private property for a public purpose, the plain language of the [federal] Takings Clause requires that the government pay the property owner."[47] The Ohio Constitution's Takings Clause essentially provides the same.[48]

Plaintiffs say that Defendant PUCO transferred Plaintiff CPWSS's operational and property rights during the 2019 foreclosure action, a "definitional taking" requiring just compensation.[49]

Plaintiffs do not allege with specificity how the government Defendants took its private property for a public purpose. The complaint does not describe how any Defendant conducted the property transfer, much less how the transfer amounts to a "definitional taking." This is likely because the Ohio state courts, and not the named Defendants, granted the receiver over Plaintiffs' property.[50] The pleadings show that Defendant PUCO's only relevant action was to allow the court-appointed receiver to intervene in a rate increase authorization.[51] Defendant PUCO's recognition of the receiver in that action is not a "definitional taking."

---

[45] *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).
[46] Doc. 1, ¶¶10, 23.
[47] *Ostipow v. Federspiel*, 824 Fed. App'x 336, 340-341 (6th Cir. 2020).
[48] *See State v. Robinette*, 685 N.E.2d 762, 766 (1997) ("[W]here the provisions are similar and no persuasive reason for a differing interpretation is presented, this court has determined that protections afforded by Ohio's Constitution are coextensive with those provided by the United States Constitution."). *Compare* U.S. Const. amend. V *with* Ohio Const., art. 1, § 19.
[49] Doc. 1, ¶8.
[50] *See Columbia Park E. MHP, LLC*, 128 N.E.2d at 795-796.
[51] *Columbia MHC E., LLC*, 815 Fed. App'x at 889.

- 8 -

Case No. 1:23-cv-484
GWIN, J.

Nor do Plaintiffs describe how any purported takings by the Defendants were for public purpose. A private financial institution filed the receivership and foreclosure action to enforce the private financial institution's contract rights, not for intended public use.[52]

The Court therefore dismisses Plaintiffs' Takings Clause causes of action for failure to state a claim.

### b. Due Process Claims

Plaintiffs' due process claims are similarly conclusory and likewise fail to state a claim. Plaintiff alleges that Defendants failed to conduct a "due process evidentiary and compensatory hearing" and failed to make factual findings before the purported taking occurred.[53]

The Fourteenth Amendment's Due Process Clause prohibits state and local governments from depriving individuals of property without due process.[54] To prevail on a procedural due process claim, a plaintiff must show that (1) it had a constitutionally protected interest; (2) it was deprived of that interest; and (3) the government did not afford it adequate procedures.[55]

Plaintiffs' complaint fails to describe how the government Defendants deprived them of a constitutionally protected property interest. Again, the relevant government actors here are not the named Defendants, but Ohio state court judges, who made decisions in a state court foreclosure action. Plaintiff disagreed with the state trial court decision and disagreed with appellate decisions affirming the state trial court's decisions. But both the state court

---

[52] *See id.* at 888-89.
[53] Doc. 1, ¶¶24, 26.
[54] *See Hasanaj v. Detroit Pub. Sch. Cmty. Dist.*, 35 F.4th 437, 447 (6th Cir. 2022) (quoting U.S. Const. amend. XIV, § 1 cl. 3).
[55] *Golf Village North, LLC v. City of Powell, Ohio*, 42 F.4th 593, 598 (6th Cir. 2022).

- 9 -

Case No. 1:23-cv-484
GWIN, J.

trial judge and the state court of appeals judges are immune for acts undertaken in their official capacity.[56]

Plaintiffs also do not specify what Ohio or U.S. Constitution provisions require a "due process evidentiary or compensatory hearing" in a foreclosure action or receivership. Nor do they allege what state remedies they have pursued, much less how those remedies are inadequate. Indeed, the Sixth Circuit has held that "Ohio's statutory mechanism for obtaining compensation to remedy a Takings Clause violation is reasonable, certain, and adequate."[57]

As such, Plaintiffs' unspecific, conclusory due process allegations cannot defeat Defendants' motion to dismiss for failure to state a claim.

### 3. Res Judicata

Res judicata is a prudential doctrine that promotes judicial efficiency and protects successful litigants by stopping duplicative litigation based on the same event.[58] Where one court has already resolved the merits of a case, another court will not revisit them.[59] Courts will not entertain claims under the res judicata doctrine if the following factors exist:

> (1) A final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) and identity of the causes of action.[60]

Plaintiffs' claims are barred by the prior federal action's final judgment. In the prior federal case, the district court dismissed Plaintiffs' complaint with prejudice,[61] and the Sixth

---

[56] *Studer v. Heeter*, 869 F.2d 11493 (6th Cir. 1989).
[57] *Ladd*, 971 F.3d at 581, n. 5.
[58] *Montana v. United States*, 440 U.S. 147, 153 (1979).
[59] *Id.*
[60] *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). "Ohio's standard is very similar to the federal one." *In re E. I. du Pont de Nemours and Co. C-8 Personal Injury Litigation*, 54 F.4th 912, 9122 (6th Cir. 2022).
[61] *Columbia MHC E., LLC*, Case No. 1:19-cv-01613, 2019 U.S. Dist. LEXIS 119057 (N.D. Ohio July 17, 2019).

Case No. 1:23-cv-484
GWIN, J.

Circuit dismissed Plaintiffs' appeal twice.[62] "[D]ismissals with prejudice generally are judgments on the merits that bar plaintiffs from refiling their claims in the court that dismissed them."[63]

This lawsuit also involves the same parties as the previous one. Although Plaintiffs did not name the State of Ohio and Chair French as defendants in the prior lawsuit, Plaintiffs did sue Defendant PUCO. Because the PUCO is an Ohio state agency led by Chair French, the current Defendants are in privity to the parties in the prior case.[64]

And not only do this case's causes of action arise from the same events as the prior federal case, but the claims in both cases are identical. Plaintiffs' federal claims against the present Defendants could have—and should have—been raised in the previous prior action and are therefore barred here.[65]

### B. Motion to Strike

Plaintiffs originally filed their complaint against Defendants PUCO, Chair French, Governor Mike DeWine in his official capacity, and "Robert Sprague, in his official capacity and the State of Ohio."[66] Defendant State of Ohio was not docketed properly. Defendants DeWine, Sprague, and the State of Ohio moved to dismiss the complaint.[67]

As a result of the docketing error, when the Court granted Plaintiff's motion to voluntarily dismiss Defendants DeWine and Sprague, it dismissed "Robert Sprague (in his

---

[62] *Columbia MHC E., LLC*, 815 Fed. App'x at 891-92; *Columbia MHC E., LLC*, 826 Fed. App'x at 446.
[63] *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (*citing Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 487, 505-06 (2001)).
[64] *Id.*
[65] *Id.* (*quoting Migra v. Warren City Sch. Dist. Bd. of Educ*, 465 U.S. 75, 77 n.1 (1984)).
[66] Doc. 1.
[67] Doc. 5.

Case No. 1:23-cv-484
GWIN, J.

official capacity and the State of Ohio)."[68]  In his response to Defendants' motions to dismiss, Plaintiff noted that he did not intend to voluntarily dismiss the State of Ohio.[69]

However, when the State of Ohio filed a reply to its motion to dismiss, Plaintiff moved to strike the reply.[70]

Given that the Court **GRANTS** all Defendants' motions to dismiss, Plaintiff's motion to strike Defendant State of Ohio's reply is **DENIED AS MOOT**.

### III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants PUCO and French's and Defendant State of Ohio's motions to dismiss the complaint.  The Court **DENIES AS MOOT** Plaintiffs' motion to strike Defendant State of Ohio's reply to its motion to dismiss.

IT IS SO ORDERED.


Dated: October 26, 2023              *s/     James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[68] Dkt., July 20, 2023.
[69] Doc. 11, PageID #: 72.
[70] Doc. 14.